UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Law Office of Sklar Smith-Sklar, LLC
1901 N Olden Avenue, Suite 22
Ewing, NJ 08618
Tel: 609 882-9800
Fax: 609 538-1399
Attorney for Debtor

**Order Filed on June 8, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Paul Thomas, Jr.

Case No.:  _____21-14897_____

Chapter:  13

Judge:  _____Michael B. Kaplan_____

## ORDER ON MOTION FOR AUTHORIZATION
## TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT
## <u>(CHAPTER 13)</u>

The relief set forth on the following page is **ORDERED**.

**DATED: June 8, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on 4/1/2022_____, as to the Select Portfolio Servi mortgage *[enter first, second, third, etc.]* concerning real property located at

81 Rhodes Ave., Ewing, NJ  08638_____, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

☒        The debtor is authorized to enter into the final loan modification agreement.

1)        The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2)        Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3)        Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4)        Check one:

☒There is no order requiring the debtor to cure post-petition arrears through the Plan; or

☐Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

☐Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

5)        If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

☐The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

2

United States Bankruptcy Court

District of New Jersey

In re:                                                                      Case No. 21-14897-MBK

Paul R. Thomas, Jr.                                                         Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 08, 2022 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| **Symbol** | **Definition** |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 10, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Paul R. Thomas, Jr., 11 Greenland Avenue, Ewing, NJ 08638-3625 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 10, 2022            Signature:       /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 8, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Albert Russo | docs@russotrustee.com |
| Allison J. Kiffin | on behalf of Creditor Credit Union of New Jersey collections@peterliska.com |
| Brian C. Nicholas | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bnicholas@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Candyce Ilene Smith-Sklar | on behalf of Debtor Paul R. Thomas  Jr. njpalaw@gmail.com, r56958@notify.bestcase.com |
| Denise E. Carlon | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |

Denise E. Carlon
                    on behalf of Creditor DLJ Mortgage Capital  Inc. dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Edward R Wiercinski
                    on behalf of Unknown Role Type Carla Thomas edwiercinski@helmerlegal.com

Gavin Stewart
                    on behalf of Creditor Global Lending Services  LLC bk@stewartlegalgroup.com

Robert P. Saltzman
                    on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper dnj@pbslaw.org

Stuart H. West
                    on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper swest@pbslaw.org

U.S. Trustee
                    USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 12